United States District Court
Southern District of Texas
**ENTERED**
November 10, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELOISE LAVERNE HAYS, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-cv-0603 |
| | § | |
| FREEDOM FINANCIAL, LLC, ET AL., | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

This case is before the Court on the Intervenor's Motion for Summary Judgment seeking an order for judicial foreclosure.[1] ECF 49. Plaintiff, who is proceeding pro se, has not filed a response.[2] Having considered the motion and the law, the Court recommends that Intervenor's motion be GRANTED.

### I. Procedural Background

Plaintiff Eloise Laverne Hays initiated this suit against Financial Freedom LLC and CIT Bank, N.A. on December 2, 2016 in Texas state court to stop the foreclosure sale of her house located at 3130 Dacca Drive, Houston, Texas (the Property).[3] ECF 1-2 at 16. Defendants removed the action to this Court on February 24, 2017 based on diversity

---

[1] The parties previously consented the jurisdiction of United States Magistrate Judge Nancy Johnson. ECF 15. Upon Judge Johnson's retirement, the District Judge transferred this case to United States Magistrate Judge Christina A. Bryan. ECF 38. Because the parties have not consented specifically to Judge Bryan, the District Judge vacated the transfer and referred the case to Judge Bryan pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 50.

[2] Local Rule of the Southern District of Texas 7.4 permits a court to construe a party's failure to respond as a representation of no opposition. The Fifth Circuit has held that for a dispositive motion "[t]he mere failure to respond ... is not sufficient to justify a dismissal with prejudice." *Watson v. U.S. ex rel. Lerma*, 285 Fed. Appx. 140, 143 (5th Cir. 2008). However, when a party fails to respond to a dispositive motion the court may decide the motion on the record before it. *Chero-Key Piping Co. v. Great-W. Life & Annuity Ins. Co*., No. CIVA H-08-2696, 2010 WL 1169957, at *5 (S.D. Tex. Mar. 23, 2010).

[3] Plaintiff filed a notice of non-suit as to Financial Freedom LLC before removal from state court. ECF 1-2 at 61, 66.

jurisdiction. *Id.* at 1. After a lengthy delay during which the parties attempted to settle their dispute, the Court granted the request of Plaintiff's counsel to withdraw from representing Plaintiff in this case. ECF 27. The Court granted CIT's Motion for Summary Judgment dismissing Plaintiff's claims against it. ECF 29. Shortly thereafter, the Court granted the Bank of New York Mellon Trust Company, N.S. as Trustee for Mortgage Assets Management Series I Trust (BONYM) leave to file a Complaint in Intervention against Plaintiff seeking foreclosure on the Property.[4] ECF 30. Plaintiff appeared pro se at a status conference on March 2, 2020 at which the Court set a dispositive motion deadline of April 2, 2020. ECF 33. The case was then delayed for an extended period of time due to COVID related restrictions and the moratorium on foreclosures before BONYM filed the instant motion on September 16, 2021.

## II. Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). When the party moving for summary judgment bears the burden of proof on an issue he must "establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). If the moving party meets its initial burden, the nonmoving

---

[4] Plaintiff did not file a Response to the Motion to Intervene and or an Answer to the Complaint in Intervention.

party must go beyond the pleadings and must present evidence such as affidavits, depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (quoting *Celotex*, 477 U.S. at 325).

## III.  Undisputed Facts

On or about February 23, 2006, Plaintiff executed an Adjustable Rate Note (Home Equity Conversion) in the principal amount of $135,000.00 secured by an Adjustable Rate Home Equity Conversion Deed of Trust.[5]  ECF 49-1 at 9-26.  Intervenor BONYM is the assignee of record of the Deed of Trust. *Id.* at 34.  The Deed of Trust provides that with approval of the Secretary of Housing and Urban Development the loan would become due and payable if "[a]ll Borrowers cease occupying the Property for 12 consecutive months

---

[5] Plaintiff executed the Note and Deed of Trust with her husband, James Hayes, who passed away in March 2013. ECF 49-1 at 54.

without the prior written approval of the Lender," or if a Borrower "defaults on an obligation specified in the Loan Documents to repair and maintain, pay taxes and assessments on, or insure, the Property." *Id.* at 19-20.

Beginning in 2007, Plaintiff failed to maintain hazard and/or flood insurance on the Property. Declaration of Sandy Alexander (ECF 49-1 at 2-6), ¶ 15. In every year since 2007, with the exception of 2017, the Lender purchased insurance to cover the Property.[6] Beginning in 2011 and for every other than 2013, Plaintiff failed to pay ad valorem taxes on the Property. *Id.*, ¶ 16. As of March 2020, the Lender had expended $30,344.91 for insurance and taxes on the Property and the payoff amount of the loan was $139,041.11. *Id.*, ¶ 17; ECF 49-1 at 38-42. In addition, in 2014, Plaintiff failed to return to the loan servicer three separate occupancy certifications. Alexander Dec., ¶ 19; ECF 49-1 at 88-94. On December 8, 2014, the Secretary approved the loan servicer's request to call the loan due and payable. *Id.*, ¶ 21; ECF 49-1 at 116. The loan servicer notified Plaintiff that the loan was due and payable by letter dated February 24, 2015 and informed Plaintiff of the necessary steps to cure the default. *Id.*, ¶ 23; ECF 49-1 at 118-129. When Plaintiff did not timely cure the default, the loan servicer filed an Application for Foreclosure Order pursuant to Texas Rule of Civil Procedure 736 and on April 29, 2016 obtained a default judgment. A foreclosure sale was scheduled for December 6, 2016.

After filing suit to stop foreclosure, Plaintiff contacted the loan servicer to dispute the default. Eventually, after the case had been removed to this Court, Plaintiff signed an

---

[6] In some years, Plaintiff purchased insurance after the Lender did so. In those years, the Lender credited Plaintiff's account. *Id.*

Occupancy Certificate on July 27, 2018. *Id.*, ¶ 26; ECF 49-1 at 176. CIT rescinded the default based on failure to occupy the Property. *Id.*, ¶ 27; ECF 49-1 at 176. In August 2018 and October 2018, the loan servicer notified Plaintiff that the loan was due and payable due to the failure to pay for insurance and taxes. *Id.,* ¶¶ 28-29; ECF 49-1 at 179-94.

Plaintiff's affirmative claims against CIT were based solely on the default caused by the failure to provide an occupancy certificate. Thus, Plaintiff's claims against CIT were mooted by CIT's recission of that default and CIT moved for summary judgment on that basis. ECF 17. Plaintiff did not oppose CIT's motion for summary judgment and the Court dismissed Plaintiff's claims against CIT. ECF 29. BONYM now seeks summary judgment on its claim for judicial foreclosure based on Plaintiff's default caused by her failure to make tax and insurance payments. ECF 49.

**III.   Analysis**

Texas Rules of Civil Procedure permit home equity loans such as the one at issue here to be "foreclosed by judgment in an action for judicial foreclosure." TEX. R. CIV. P. 735.1, 735.3, 736. The holder of a Deed of Trust may obtain a judicial foreclosure by demonstrating that "(1) the note is a purchase money or home equity note; (2) some part of the money is due and unpaid; and (3) the property subject to the lien is the same property on which the lender seeks to enforce the lien." *Ocwen Loan Servicing LLP v. Smalley*, No. 3:14-CV-03039-N-BK, 2015 WL 9873741, at *3 (N.D. Tex. Nov. 6, 2015), report and recommendation adopted, No. 3:14-CV-3039-N, 2016 WL 236005 (N.D. Tex. Jan. 20, 2016); *see also Rinard v. Bank of Am.*, 349 S.W.3d 148, 152 (Tex. App. —El Paso 2011,

5

no pet.) (party seeking judicial foreclosure "was required to demonstrate that the note was a purchase money note, that some part of the purchase money is due and unpaid, and that the property subject to the lien is the same property on which it seeks to enforce the lien.").

BONYM's summary judgment evidence demonstrates that it is the holder of the Deed of Trust through a chain of assignments emanating from the original lender and thus has standing to assert a claim for foreclosure on the Property. Alexander Dec., ¶ 14; ECF 49-1 at 28-36; *See Edwards v. Ocwen Loan Serv., LLC*, Civil Action No. 9:10cv89, 2012 WL 844396, at *5 (E.D. Tex. Mar. 12, 2012).  The Deed of Trust authorizes BONYNM to invoke the power of sale to enforce its lien.  ECF 49-1 at 22.  BONYM has presented evidence that Plaintiff is in default under the Note and Deed of Trust for failing to make required tax and insurance payments for the Property.   Alexander Dec., ¶¶ 15-18; ECF 49-1 at 38-42.  Plaintiff received multiple notices of her default and the acceleration of the note.  Alexander Dec., ¶¶ 28-29; ECF 49-1 at 178-79; 184-94.

Plaintiff has failed to present any evidence to dispute any element of BONYM's claim or its entitlement to summary judgment.  BONYM should be authorized to foreclose its lean through a public auction of the Property, in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month, in accordance with the provision of Texas Property Code § 51.002(a).  BONYM is entitled to recover its attorneys' fees incurred to enforce its rights pursuant to the terms of the Note and Deed of Trust (ECF 49-1 at 11,22) and Texas Civil Practice and Remedies Code § 38.001(8).

## IV. Conclusion and Recommendation

For the reasons discussed above, the Court recommends that Intervenor BONYM's Motion for Summary Judgment (ECF 49) be GRANTED and that the Court enter judgment authorizing BONYM to conduct a judicial foreclosure sale and granting BONYM leave to file an application for an award of attorneys' fees.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on November 10, 2021, at Houston, Texas.

*Christina A. Bryan*
Christina A. Bryan
United States Magistrate Judge